GEORGE JEWELL *vs.* ATWOOD W. HARDING.

Waldo.　　Opinion March 7, 1881.

*Deed, equitable and legal.　Real actions.　Mesne profits.　Demand.*

An instrument purporting to be a deed, not under seal, will not operate as a declaration of a dry, naked, or passive trust, such as will prevent a recovery for possession in an action at law by the trustee against the *cestui que trust.*

Such an instrument is an equitable but not a legal deed. In equity the seller can be made to reform the deed unless sufficient cause is shown to excuse it.

In a real action by the equitable grantor against his grantee, *mesne* profits are not recoverable, the grantee being in possession, by the permission of the grantor, without any agreement or expectation to pay rent.

The action for possession is maintainable without a demand for possession. Commencing the suit is demand enough.

ON motion to set aside the verdict and exceptions.

At the trial the defendant relied upon a deed from the plaintiff to him of the demanded premises, executed and delivered December 9, 1873. The writ was dated December 21, 1878. The plaintiff denied that the instrument was his deed, because, he said, at the time of the delivery there was no seal upon it. The deed was of the ordinary form of a warranty deed.

The presiding justice instructed the jury as follows :

"The question for you to determine is whether this deed, when it was delivered to the defendant, — the first deed to Harding,— had upon it a seal. If it had, the plaintiff cannot recover. If it had not, why then, for the purpose of this case, I instruct you, the plaintiff may recover without notice. Then, if he recovers, inasmuch as he is entitled to rents and profits, they might as well be settled now, and for the purpose of this case I instruct you, he is entitled to the back rents, that is, during these six years."

The verdict was for the plaintiff and the damages were assessed at $448.80.

The defendant moved to set aside the verdict and filed exceptions to the foregoing instructions of the presiding justice, and his exceptions state that he had commenced proceedings in equity

against the plaintiff and his wife to compel them to seal the deed above referred to.

*Don A. H. Powers*, for the plaintiff, cited : 3 Wash. R. P. 4th ed. 472.

The provisions of R. S., c. 104, § 23, do not apply to this case. Here there was no agreement upon which assumpsit for use and occupation can be maintained, and the plaintiff is deprived of a remedy if he cannot recover in this action. *Larrabee* v. *Lumbert*, 36 Maine, 440.

*R. W. Rogers*, for the defendant.

The deed for want of seal did not carry the legal title to the land but it did the right of possession. *Clark* v. *Gellerson*, 20 Maine, 18. In equity he is the owner of the land itself.

The contract and the acts of the parties in pursuance of it vested an equitable title in the defendant and the legal title remained in the plaintiff in trust for him. An instrument which is in form a deed but without a seal is a sufficient declaration of a trust. *Linscott* v. *Buck*, 33 Maine, 530 ; *Bragg* v. *Paulk*, 42 Maine, 502 ; *Blake* v. *Collins*, 69 Maine, 156 ; *Perkins* v. *Nichols*, 11 Allen, 542 ; 2 Wash. R. P. 3d ed. 438, 470 ; Perry on Trusts, § § 95, 168, 240 ; *Faxon* v. *Folvey*, 110 Mass. 392 ; 2 Bouv. L. Dict. 615. And where the trust is a mere naked, passive one the trustee cannot maintain a writ of entry against the *cestui que trust* [citing cases stated in the opinion.]

In Mississippi and Iowa it has been decided under similar circumstances that an action like the one at bar cannot be maintained. *Tibeau* v. *Tibeau*, 19 Mo. 78 ; *Warren* v. *Crew*, 2 Iowa, 315.

PETERS, J. The defendant claims title to the land in question by an instrument purporting to be a deed, not under seal.

He contends that the instrument contains a declaration of a dry, naked or passive trust, such as will prevent a recovery for possession by the trustee against the *cestui que trust*. He relies upon the following cases : *Warren* v. *Ireland*, 29 Maine, 62 ; *Sawyer* v. *Skowhegan*, 57 Maine, 500 ; *French* v. *Patterson*, 61 Maine, 203. *Blake* v. *Collins*, 69 Maine, 156. We do not

assent to the proposition. The doctrine of the cases cited is not admitted by many courts. It should be cautiously applied by ourselves. There was no design to declare such a trust. It was merely an attempt to transfer a title by an uncompleted deed. The purchaser has, at law, no right to possess and enjoy the property longer than the seller permits. If the point prevails, it virtually abolishes the distinction between sealed and unsealed instruments. It was held in *McLaughlin* v. *Randall*, 66 Maine, 226, that land in this State cannot be conveyed by a written instrument without a seal. The reason for requiring seals to deeds is forcibly stated in an early case in New York, thus : ·" This venerable custom of sealing, is a relic of ancient wisdom, and is not without its real use at this day. There is yet some degree of solemnity in this form of conveyance. A seal attracts attention, and excites caution in illiterate persons, and thereby operates as a security against fraud. If a man's freehold might be conveyed by a mere note in writing, he might more easily be imposed on, by procuring his signature to such a conveyance, when he really supposed he was signing a receipt, a promissory note, or a mere letter." Other reasons could be added. Probably less errors occur in writing deeds than in other agreements, for the reason that the forms are so much followed and well known. *Jackson* v. *Wood*, 12 Johns. 73.

The defendant is not without remedy. He has an equitable right. The instrument he claims under is in equity a deed. In equity, the seller can be made to reform the deed, unless sufficient cause can be shown to excuse it. *Wadsworth* v. *Wendell*, 5 Johns. Ch. 224. Jones Mort. (2d ed.) § 166, and cases there cited.

The defendant, however, was not liable for mesne profits before he had notice by suit or otherwise to quit. He went into possession under an instrument which the parties at the time supposed to be a valid deed. It is a general rule, that where ejectment lies mesne profits are recoverable. The rule does not always apply. There is a class of cases where a person is in possession of land by the consent or sufferance of the owner, who may at any moment enter and oust him ; but until that is

done the owner cannot have trespass for the occupation. The defendant went into possession by consent, without agreement or expectation to pay rent. In one sense he became a disseizor. *Jewett* v. *Hussey*, 70 Maine, 433. But the owner was disseized by his own consent. He put the defendant into possession, and went himself voluntarily out of possession. There was no attempt to oust the defendant before the date of the writ. Mesne profits accruing after the date of the writ cannot be recovered in this action. *Larrabee* v. *Lumbert*, 36 Maine, 440. It is every where held that a claim for mesne profits is subject to equitable defenses. There are both equitable and technical reasons why they are not recoverable in this suit. *Larrabee* v. *Lumbert*, 34 Maine, 79; *Patterson* v. *Stoddard*, 47 Maine, 355; *Shaw* v. *Mussey*, 48 Maine, 247.

No notice or demand prior to the action was necessary. Commencing the action is demand enough.

*Motion overruled. Exceptions sustained, so far as to allow judgment on the verdict for possession, without any recovery of mesne profits.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN, and LIBBEY, JJ., concurred.